Hamilton E. Arendsen (SBN: 212844)
ARENDSEN BRADDOCK LLP
535 North Highway 101, Suite A
Solana Beach, California 92075
Tel: (619) 535-3910
Fax: (619) 535-3920
harendsen@arendsenlaw.com

Attorneys for Defendant
ENRICO DEGUZMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ENRICO DEGUZMAN (2),<br>DONALD GAYLE HORNBECK(3),<br>ROBERT GORSUCH (9),<br><br>Defendants. | CASE NO. 17-CR-0623-JLS<br><br>**DEFENDANTS' UNOPPOSED OMNIBUS MOTION TO WITHDRAW THEIR GUILTY PLEAS**<br><br>Date: May 21, 2024<br>Time: 10:00 a.m.<br><br>HON. JANIS L. SAMMARTINO |

Defendants Enrico DeGuzman, Donald Gayle Hornbeck, and Robert Gorsuch, by and through their attorneys, respectfully move this Court for an order allowing them to withdraw their guilty pleas in this case. The basis for this motion is that the liberal standard for allowing withdrawal of a guilty plea has been met, as the circumstances and evidence have changed dramatically since the entering of the Defendants' guilty pleas in this case. In addition, the Government does not oppose this motion and in fact has already submitted misdemeanor plea agreements and Informations for all the aforementioned Defendants. *See United States v. Newland et al.,* 17CR0623, Docket ("Docket"), Entries 1282 & 1283.

1

17-CR-0623-JLS

## I. FACTS AND PROCEDURAL BACKGROUND

The facts of this case certainly need no introduction to this Court. The facts are well known and will not be rehashed here but will be discussed below to the extent they are relevant to Defendants' Motion.

From a procedural standpoint, all Defendants previously entered guilty pleas to felony counts of violating Title 18, United States Code, Section 201(b)(2), Bribery of a Public Official. Specifically, Defendant Jose Luis Sanchez, charged in case number 13CR4287 but who joins in this Motion, pled guilty on January 6, 2015, *see United States v Leonard et al.,* 13CR4287, Docket, Entry 87, Mr. Gorsuch pled guilty on August 31, 2021 (Docket, Entry 566), Mr. DeGuzman pled guilty on September 3, 2021 (Docket, Entry 578), and Mr. Hornbeck pled guilty on February 2, 2022 (Docket, Entry 688).

In addition, all of the above-captioned defendants agreed to cooperate with the Government and to testify truthfully at trial if called. They put their lives on hold during the pendency of the trial, which as the Court knows did not even start until February 28, 2022, and took over four months to complete. *See* Docket, Entries 755 & 984. Ultimately, as noted below, the trial took a number of unexpected turns and the defendants, through no fault of their own, were not called as witnesses, nor did the Government even call Leonard Francis. All of the Defendants save for Bruce Loveless were convicted of felonies relating to bribery while acting in their official duties with the military. *See Id.* However, after the trial Defendants filed motions to dismiss and requests for a new trial, the Government agreed to alternative dispositions and on September 6, 2023, each of those Defendants pled guilty to a Misdemeanor Information and were sentenced to no time in custody with no supervised release. *See* Docket, Entry 1238.

During November and December of 2023, the Defendants joining this Motion conferred on numerous occasions with the Government to discuss a

17-CR-0623-JLS

potential alternative disposition in this case. The parties reached an agreement and, as noted above, on December 18, 2023, the Government lodged with this Court signed plea agreements and Superseding Misdemeanor Informations with regard to each Defendant. *See* Docket, Entries 1282 and 1283.

On December 20, 2023, the parties appeared before this Honorable Court to discuss the proposed disposition agreed to by the parties. The Court asked the parties to submit briefing with regard to the withdrawal of Defendants' guilty pleas and the entry of guilty pleas to a Superseding Information charging them with improper disclosure of information, in violation of Title 18, Section 1905, a misdemeanor. Defendants respectfully submit this briefing in accordance with the Court's Order and with respect to the hearing currently scheduled for May 21, 2024.

## II. LEGAL STANDARD

The Eastern District of California recently discussed the standard applicable to a defendant seeking to withdraw his or her guilty plea. *See United States v. Detrant* (E.D.Cal.) (2023 WL 7723303). The Court described the standard as follows:

> For an accused seeking to withdraw their plea, there are three critical stages of the proceedings, each with its own standard. See Fed. R. Crim. P. 11(d)-(e). First, before accepting the plea and before sentencing, the accused may withdraw their plea "for any reason or no reason[.]" Id. 11(d)(1). Next, after the court accepts the plea but before sentencing, a court may reject the plea under Federal Rule of Criminal Procedure 11(c)(5) or if the defendant "can show a fair and just reason for requesting the withdrawal." Id. 11(d)(2)(A)-(B). Finally, after the court accepts the plea and after sentencing, "the defendant may not withdraw a plea of guilty or nolo contendere, and

3

17-CR-0623-JLS

the plea may be set aside only on direct appeal or collateral attack."

Id. 11(e).

*Id.*, p. 1.

Here, as in *Detrant,* Defendants seek withdrawal at the second stage of the proceedings. Accordingly, Defendants must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

Courts have confirmed that this "fair and just reason" standard should be liberally construed in favor of allowing Defendants to withdraw their plea if they have not been sentenced. *See, e.g., United States v.* Schubert, 728 F. 2d 1364, 1965 (11th Cir. 1984) ("Although the rule leaves to the sound discretion of the trial judge the decision of whether a defendant has met his burden of showing adequate cause for permitting withdrawal of the plea, the courts have stressed that such motions before sentence is imposed should be allowed with great liberality.) (internal citations omitted).

Similarly, the Ninth Circuit has repeatedly found that this standard has been met in cases presenting "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the [Defendant] entered [their] plea*." *United States v. Minasyan,* 4 F. 4th 770, 779 (9th Cir. 2021) (emphasis added) (citations omitted).

In addition, with regard to any of these fair and just reasons, a Defendant "need not show that his arguments will be successful on the merits." *Garcia-Lopez*, 903 F.3d at 891 (quoting *McTiernan*, 546 F.3d at 1168). Further, "a Defendant also does not need to show that the prior plea was invalid, nor proclaim innocence, and the failure to proclaim innocence cannot be used against Defendant." *Detrant,* p. 2 (citing *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005)).

*///*

4

17-CR-0623-JLS

## III. WITHDRAWAL OF DEFENDANTS' PLEAS IS FAIR AND JUST

Applying this liberal standard, the Court should grant Defendants' Motion to withdraw their pleas. In fact, it is hard to imagine a case in the history of this Circuit where more "intervening circumstances" have happened since the entry of Defendants' guilty pleas or where there are more "reasons for withdrawing the plea that did not exist when the Defendants entered their pleas."

First, these Defendants are uniquely situated, both compared to other defendants in this case and defendants generally. They did not simply move forward with sentencing in due course. Rather, they all agreed to cooperate and to provide truthful testimony if called. As a result, they have put their lives on hold for over two years – longer for Mr. Sanchez – waiting for closure in the most difficult chapter of their lives.

Second, since the Defendants' guilty pleas, all of the other Defendants have gone to trial. The trial took just over four months, with jury selection beginning on February 28, 2022, and the jury returning its verdicts on June 29, 2022. *See* Docket, Entries 755 & 984. The trial took a number of unforeseen turns and Leonard Francis did not even testify. All of the Defendants save for Bruce Loveless were convicted of felonies relating to bribery while acting in their official duties with the military. *See Id.*

Third, after trial, all of those Defendants filed motions to dismiss, alleging prosecutorial misconduct and related claims. Rather than respond to those motions, the Government reached agreements with the Defendants to resolve their claims. On September 6, 2023, each of those Defendants pled guilty to a Misdemeanor Information and were sentenced to no time in custody with no supervised release. *See* Docket, Entry 1238.

Fourth, in the fall of 2023, the Defendants who bring this motion met with the Government to discuss an alternative resolution to their cases. As a result of

5

17-CR-0623-JLS

those negotiations, the Government offered to extend plea agreements to Defendants where they would plead guilty to a Superseding Misdemeanor Information along the same terms as offered to the trial Defendants. All the Defendants agreed to accept those offers and each Defendant signed their respective plea agreement. Those plea agreements were lodged with the Court on December 18, 2023, along with a Superseding Misdemeanor Information for each Defendant. *See* Docket, Entries 1282 and 1283.

While it is not necessary that a defendant argue or establish that he would not have pled guilty if the new circumstances had been know, it is clear that all of the Defendants brining this motion would not have entered their guilty pleas if they had known about all these changed circumstances and particularly the fact that the Government would be offering them, and the trial defendants, a misdemeanor resolution. Declarations from each Defendant in that regard are attached hereto as Exhibit A.

Finally, in addition to all of the changed factual circumstances since Defendants entered their pleas, the equities also strongly favor allowing these Defendants to withdraw their pleas and resolve their cases in accordance with the Government offers. These Defendants accepted responsibility for their conduct and pled guilty prior to trial, saving the Government and the Court substantial resources. They agreed to cooperate and provide truthful testimony at trial. They put their lives on hold while the trial process moved slowly forward, making themselves available – to either party – were they to be subpoenaed or otherwise called to testify. It would stand the principles of justice and sentencing disparity on their head if the trial defendants, who were convicted by a jury, received Misdemeanor dispositions while the aforementioned Defendants received felonies.

///

///

6

17-CR-0623-JLS

In summary, in order to justify withdrawal of their pleas, Defendants need only show "newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the [Defendant] entered [their] plea." *United States v. Minasyan,* 4 F. 4th 770, 779 (9th Cir. 2021) (citations omitted). This case is replete with new facts and circumstances that did not exist when Defendants entered their pleas. Moreover, the equities strongly favor allowing the dispositions offered by the Government.

**IV. CONCLUSION**

For the aforementioned reasons, Defendants DeGuzman, Gorsuch, Hornbeck, and Sanchez respectfully submit that the Court should grant their unopposed Motion to Withdraw Guilty Plea.

Dated: March 26, 2024      Respectfully submitted,

/s/ *Hamilton E. Arendsen*    x
Hamilton E. Arendsen
Attorney for Defendant
Enrico DeGuzman

Dated: March 26, 2024      Respectfully submitted,

/s/ *Frederick Carroll*    x
Frederick Carroll
Attorneys for Defendant
Robert Gorsuch

Dated: March 26, 2024      Respectfully submitted,

/s/ *Benjamin Cheeks*    x
Benjamin Cheeks
Attorneys for Defendant
Donald Gayle Hornbeck

7

17-CR-0623-JLS

ARENDSEN BRADDOCK LLP
Hamilton E. Arendsen (SBN: 212844)
535 North Highway 101, Suite A
Solana Beach, California 92075
Tel (619) 535-3910; Fax (619) 535-3920
harendsen@arendsenlaw.com

Attorneys for Defendant Enrico DeGuzman

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>ENRICO DEGUZMAN (2),<br><br>　　　　Defendant. | Case No. 17CR0623-JLS<br><br><br>**PROOF OF SERVICE** |

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 535 North Highway 101, Suite A, Solana Beach, California 92075;

2. That today I served the above documents on opposing counsel by filing it with the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 26, 2024　　　　　　　　　　　*Hamilton E. Arendsen*

-1-